**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 25-4220**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOHN AUSTIN PERKINS, III,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:24-cr-00019-GMG-RWT-1)

───────────

Submitted:  June 22, 2026                    Decided:  August 13, 2026

───────────

Before WILKINSON and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Tracy Weese, Shepherdstown, West Virginia, for Appellant.  Eleanor F. Hurney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Austin Perkins, III, appeals his conviction and sentence after pleading guilty to falsifying a document with intent to impede, obstruct, or influence a federal investigation under 18 U.S.C. § 1519.  On appeal, Perkins's attorney has filed a brief under *Anders v. California*, 386 U.S. 738, 744 (1967), concluding that there are no meritorious grounds for appeal but raising the issues of whether the district court erred in accepting his guilty plea, in violation of Fed. R. Crim. P. 11; whether the court erred at sentencing, in violation of Fed. R. Crim. P. 32; and whether his sentence is unreasonable.[1]  Perkins has filed a pro se supplemental brief challenging the reasonableness of his sentence.[2]  We affirm.

"[T]o be constitutionally valid, a plea of guilty must be knowingly and voluntarily made." *United States v. Paylor*, 88 F.4th 553, 560 (4th Cir. 2023) (internal quotation marks omitted).  Rule 11 of the Federal Rules of Criminal Procedure "outlines the requirements for a district court plea colloquy, designed to ensure that a defendant 'understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant.'" *United States v. Kemp*, 88 F.4th 539, 545 (4th Cir. 2023) (quoting *United States v. Vonn*, 535 U.S. 55, 62 (2002)).  "The district court must also 'determine that the plea is voluntary

---

[1] *Anders* counsel has also filed a motion to withdraw as counsel.  We deny the motion without prejudice to counsel refiling it at the proper time.  *See* 4th Cir. R. 46(d).

[2] Perkins's pro se brief repeats his counsel's arguments regarding the reasonableness of his sentence.  To the extent his brief asserts additional arguments, we have considered those arguments and have concluded they are without merit.  The district court did not err in calculating his Guidelines range in accordance with his stipulations.  Moreover, to the extent that he seeks credit toward his sentence for time spent in official detention, he must pursue that claim with the Bureau of Prisons.  *See United States v. Wilson*, 503 U.S. 329, 334 (1992); *United States v. Jackson*, 952 F.3d 492, 497-98 (4th Cir. 2020).

and that there is a factual basis for the plea.'" *United States v. Taylor-Saunders*, 88 F.4th 516, 522 (4th Cir. 2023). When a defendant contests the validity of a guilty plea that he did not challenge or seek to withdraw in the district court, we review the challenge for plain error only. *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024).

Plain error can be reviewed where the defendant establishes: (1) there is error; (2) the error is plain; and (3) the error affects his substantial rights. *Id.* "To satisfy this third condition, the defendant must show 'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" *United States v. Perdue*, 110 F.4th 662, 668 (4th Cir. 2024). Even if the defendant satisfies this three-prong test, we will exercise our discretion to remedy the error "only if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *King*, 91 F.4th at 760 (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). "The defendant bears the burden of satisfying each element of the plain error standard." *Id.*

Perkins first questions whether the district court complied with Rule 11 when accepting his guilty plea, but he does not allege any error. We have reviewed the record and conclude that the magistrate judge and district court complied with Rule 11 when accepting his plea; and he has not shown any plain error affecting his substantial rights.

In his second issue, Perkins questions whether the district court complied with Rule 32 at sentencing, but he does not allege any error. Because he did not assert this issue in the district court, we review it for plain error. *See United States v. Lockhart*, 58 F.3d 86, 88 (4th Cir. 1995). We have reviewed the record and conclude that the court complied with Rule 32; and Perkins has not shown any plain error affecting his substantial rights.

3

In his third issue, Perkins questions whether his sentence is reasonable. In the district court, he moved for a variant sentence below his Guidelines range, but the district court denied his motion and imposed a sentence within his Guidelines range.

"We 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Smith*, 134 F.4th 248, 256 (4th Cir. 2025) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "In reviewing whether a sentence is reasonable, we ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (internal quotation marks omitted).

"The [district] court's explanation must satisfy us that it 'has considered the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority in light of § 3553(a).'" *Id.* at 264. This includes "address[ing] or consider[ing] all non-frivolous reasons presented for imposing a different sentence and explain[ing] why [it] has rejected those arguments," but "in a routine case with a within-Guidelines sentence, the explanation need not be elaborate or lengthy." *United States v. Solis-Rodriguez*, 144 F.4th 617, 626-27 (4th Cir. 2025) (citation modified).

"A sentence is substantively unreasonable only where under the totality of the circumstances, the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Devine*, 40 F.4th 139, 153 (4th Cir. 2022) (citation modified). "'[A]ny sentence that is within or below a properly

4

calculated Guidelines range is presumptively reasonable.'" *Id.* "'[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors.'" *United States v. Everett*, 91 F.4th 698, 714 (4th Cir. 2024). "'District courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors.'" *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020).

Having reviewed the record, we conclude that Perkins's sentence is procedurally and substantively reasonable. The district court properly calculated his Guidelines range; considered the § 3553(a) factors and Perkins's arguments for a variance below the range; and adequately explained its decision to deny his motion for variance and impose a sentence within the Guidelines range. Moreover, we conclude that he has not rebutted the presumption that his sentence within the Guidelines range is substantively reasonable.

On appeal, Perkins argues that his sentence is unreasonable and excessive; and the district court did not adequately consider his advanced age of 45, his poor physical health, and the fact that the threat to the agent was fabricated. However, the court explained it had carefully considered each and every one of his arguments in support of his motion for a variance; but it found that a variance was not warranted in light of the § 3553(a) factors, including the nature of the offense, his criminal history, and his personal history and characteristics. The court acknowledged he had some significant medical concerns; but it found he should be able to receive appropriate care while in Bureau of Prisons custody; and it recommended that he be considered for placement at a federal medical center. The court also acknowledged that he was 45 years old, but it explained that his involvement in the criminal justice system began at age 13; and since then, he was involved in a seemingly

5

uninterrupted string of arrests and prosecutions; it was clear the prior sentences were insufficient to deter or rehabilitate him; and he persisted in criminal conduct when at liberty in the community, when subject to probation or parole, and when incarcerated.

Regarding the nature of the offense and threats, Perkins stipulated that he provided false information about death threats to an agent to obstruct justice; and the district court found that his conduct was very serious. As the court explained, over a period of months, Perkins devised, executed, and perpetuated a scheme to manipulate the criminal justice system for his benefit, but at the expense of others. His actions impacted not only the agent who was threatened and the individual he attempted to frame for the alleged threats, but also his own mother, whom he enlisted to assist him. The court clearly considered that the threats were fabricated; but the court did not find this fact warranted a variance.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Perkins, in writing, of the right to petition the Supreme Court of the United States for further review. If Perkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Perkins. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6